UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRUG ENFORCEMENT ADMINISTRATION, <br><br> Plaintiff, <br> v. <br><br> $7,582.00 in U.S. Currency, <br><br> Defendant, <br><br> DAVID MARIN, <br><br> Claimant. | 1: 05-mc-00028-SMS <br><br> ORDER DIRECTING CLAIMANT TO FILE A COMPLETED APPLICATION TO PROCEED IN FORMA PAUPERIS <br><br> ORDER DIRECTING THE CLERK TO SEND TO CLAIMANT WITH THIS ORDER A BLANK IN FORMA PAUPERIS APPLICATION FOR ONE WHO IS IN CUSTODY |

   On May 12, 2005, Claimant filed a motion for relief from what has been described as a default judgment relating to currency forfeited on July 31, 2001, by the United States Department of Justice, Drug Enforcement Administration, Asset Forfeiture Section, pursuant to 19 U.S.C. § 1609.

   On May 18, 2005, the Clerk sent notice to Claimant that a filing fee of $39.00 was due immediately. On May 31, 2005, Claimant filed a notice of change of address. On June 2, 2005, the notice that the filing fee was due was reserved on Claimant at the new address. On June 7, 2005, Claimant filed an application to proceed in forma pauperis. In the application,

1

Claimant stated that he was in custody, but he did not identify the custodial institution or attach a certified trust account statement regarding his transactions during the six months preceding the filing of Claimant's request for relief. It may be that his funds or wages are not in the custody of an institutional officer; however, a letter from the Turning Point of Central California dated May 31, 2005, indicates that Claimant is in custody and has a part-time job with twenty-five per cent of his gross wages going to the Turning Point program. If Claimant's funds are in the custody and control of an institutional officer, Claimant should include a certified trust account statement for his funds for six months (here, at least from April 21, 2005, when Claimant was placed in the program). In any event, Claimant states that he is employed; thus, he must indicate the amount of his take-home salary or wages and pay period, which he failed to do on the previous application. He indicated that he was employed but did not state the amount of his income or his pay period as required.

    Claimant's application was incomplete and is subject to being denied. However, Claimant will be given an opportunity to file a complete application to proceed in forma pauperis. It is up to Claimant either to pay the filing fee or to submit a completed in forma pauperis application; otherwise, the case will not go forward. Claimant will be given twenty days in which to submit the appropriate application, which must be complete and contain all requested information, including a trust account statement if applicable, as well as all the required signatures and certification.

1  Accordingly, IT IS ORDERED that

2  1. Within thirty (20) days from the date of service of this
3  order, Claimant SHALL either PAY the $39.00 filing fee in full or
4  SUBMIT a **completed and signed** application to proceed in forma
5  pauperis;

6  2. The failure to obey this order will result in this case
7  not going forward; and

8  3. The Clerk of Court IS DIRECTED to send to Claimant with
9  this order a blank form for an application to proceed in forma
10 pauperis for one who is in custody.

12 IT IS SO ORDERED.
13 **Dated:    June 9, 2005**              /s/ Sandra M. Snyder
   icido3                            UNITED STATES MAGISTRATE JUDGE