UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRUG ENFORCEMENT ADMINISTRATION, | ) 1: 05-mc-00028-AWI-SMS ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION NOT ) TO ORDER A CIVIL CASE TO BE |
| v. | ) OPENED, AND TO ORDER THE ) MISCELLANEOUS FILE CLOSED |
| $7,582.00 in U.S. Currency, | ) |
| Defendant, | ) ) |
| DAVID MARIN, | ) ) |
| Claimant. | ) ) |

I. Background

On May 12, 2005, Claimant filed a motion for relief from what has been described as a default judgment relating to currency forfeited on July 31, 2001, by the United States Department of Justice, Drug Enforcement Administration, Asset Forfeiture Section, pursuant to 19 U.S.C. § 1609.

On May 18, 2005, the Clerk sent notice to Claimant that a filing fee of $39.00 was due immediately. On May 31, 2005, Claimant filed a notice of change of address. On June 2, 2005, the notice that the filing fee was due was reserved on Claimant at the new address. On June 7, 2005, Claimant filed an

1

1 application to proceed in forma pauperis that was incomplete, but
2 Claimant was given an opportunity to file a complete application
3 to proceed in forma pauperis or to pay the $39.00 filing fee for
4 a miscellaneous case. Plaintiff paid the $39.00 miscellaneous
5 case filing fee.

6     Plaintiff has also filed a notice of having given a power of
7 attorney to a consultant to execute all documents necessary for
8 the expeditious return of the property, as well as a motion for
9 judgment on the pleadings.

10     The matter is now before the Court for consideration of
11 whether this miscellaneous matter should proceed to be opened as
12 a regular civil case.

13     II. <u>Motion for Relief from Default Judgment</u>

14     Plaintiff's initial filing is a motion for relief from
15 default judgment entitled "MOTION FOR RELIEF FROM DEFAULT
16 JUDGMENT FOR VALID CLAIM MADE, FOR FAILURE TO SHOW NEXUS TO
17 ILLEGAL ACTIVITY, BECAUSE OWNER IS INNOCENT AND BECAUSE IT IS NO
18 LONGER EQUITABLE THAT JUDGMENT HAVE PROSPECTIVE APPLICATION,
19 RULES 55(c) and 60(b), FRCivP." The motion is to vacate a default
20 judgment in DEA (presumably a reference to the Drug Enforcement
21 Administration) case number R9-01-0061.

22     Fed. R. Civ. P. 55(c) provides:

23     For good cause shown, the court may set aside an
       entry of default and, if a judgment by default has
24     been entered, may likewise set it aside in accordance
       with Rule 60(b).
25
       Fed. R. Civ. P. 60(b) provides that upon motion made within
26
a reasonable time and upon such terms as are just, the Court may
27
relieve a party or a party's legal representative from a final
28

2

1  judgment, order, or proceeding for mistake, inadvertence,
2  surprise, or excusable neglect. Rule 60(b) is applicable where
3  the Court has entered a final judgment, O'Brien v. R.J. O'Brien &
4  Associates, Inc., 998 F.2d 1394, 1401 (7th Cir. 1993); the purpose
5  of proceeding under that rule is to contest the integrity of the
6  proceeding that resulted in the district court's judgment,
7  Abdur'Rahman v. Bell, 537 U.S. 88, 94095 (dis. op. of Justice
8  Stevens), and Rule 60(b) was intended to provide a procedure to
9  obtain relief from a judgment by motion in the court and in the
10 action in which the judgment was rendered, Fed. R. Civ. P. 60
11 note (1946). Here, it is clear that claimant is challenging a
12 default judgment that was rendered not in a case that is pending
13 before this Court, but rather in a proceeding pending before the
14 DEA. A search of the record of the Court's dockets reveals no
15 past forfeiture action involving claimant. Thus, Fed. R. Civ. P.
16 60(b) does not apply.
17       Likewise, Fed. R. Civ. P. 55(c) relates to setting aside an
18 entry of default. The terms of Rule 55(a), (b), and (d)
19 themselves reflect that the default referred to in Rule 55(c) is
20 a default with respect to a party against whom a judgment for
21 affirmative relief is sought, who has failed to plead or defend
22 in an action pending before the Court, and against whom the clerk
23 of the Court has entered default; on its face it does not apply
24 to defaults entered by other entities in administrative
25 proceedings not pending before the Court.
26       Therefore, the initial pleading filed by claimant does not
27 constitute a cognizable motion for relief from a court judgment
28 or court default judgment within the meaning of Rules 55(c) or

60(b). Therefore, the Court further finds that it would be futile to proceed to open a civil case in the nature of such a motion.

### III. Other Potential Proceedings

#### A. Forfeiture Proceedings

##### 1. Facts

In his "Motion," the claimant alleges that after his arrest at his auto detail shop on March 22, 2001, and his being charged with violations of 21 U.S.C. §§ 846 and 841 and 18 U.S.C. § 2 (conspiracy to possess with intent to distribute a controlled substance and aiding and abetting),[1] Fresno Police seized $7,682.00 or $7,880.00 in currency on April 9, 2001. Claimant received a legal document that he believes pertained to the seizure of his money while he was being detained at the Fresno County Jail. In an affidavit submitted in support of the motion, claimant states that on or about April 9, 2001, he received a document concerning the $7,682.00 but does not know precisely what it concerned because he is not an attorney or skilled in the law. He gave it to his counsel of record, John Smurr, who told claimant not to worry and that he (Smurr) would take care of it. Claimant alleges that he fired Smurr for ineptitude on or about October 11, 2001, and that Smurr was not a good advocate. Further, Smurr failed to file a claim with the DEA for claimant.

Documents faxed to claimant's subsequent criminal counsel indicate that on July 31, 2001, the DEA declared $7,682.00

---

[1] It appears that claimant's claim pertains to a criminal action entitled United States v. David Michael Marin, 1:01-cr-5137 AWI, which commenced with the filing of a complaint and arrest warrant against claimant and others on March 23, 2001, and which terminated with the dismissal of the indictment against Defendant Marin on July 8, 2002.

4

1 forfeited after seizure pursuant to 21 U.S.C. § 881; notice of
2 the seizure had been sent to all known parties who might have a
3 legal or possessory interest; further, pursuant to 19 U.S.C. §
4 1607, notice of the seizure had been published, but no claim had
5 been filed within thirty days from the date of last publication
6 of the advertisement. A senior attorney of the Asset Forfeiture
7 Section of the United States Department of Justice, Drug
8 Enforcement Administration, declared that he had examined the
9 matter and found sufficient information to support the forfeiture
10 of the property. He therefore declared the property forfeited to
11 the United States pursuant to 19 U.S.C. § 1609.

## 2. Vacating the Forfeiture

13 Claimant asserts several bases for this Court's ordering
14 relief: 1) he actually made an effective claim in the forfeiture
15 proceeding; 2) the government did not meet its burden of proof in
16 the forfeiture proceeding to show that the currency in question
17 was drug-related, and that if it did at one time, that was
18 negated at the time the criminal charges were dismissed against
19 the claimant; and 3) the claimant is actually innocent.

20 In connection with his assertion that he did not default,
21 the claimant alleges in his affidavit that he claimed ownership
22 of the currency when testifying on July 3, 2001, at co-defendant
23 Darnell Ford's supervised release violation hearing in case
24 number 1:93-cr-5139-OWW, stating that it was part of money that
25 he and his fiancee had been saving. He claims that this testimony
26 is unrefuted by any evidence in the record of either the criminal
27 proceedings or "the forfeiture." (Motion at 3.) Claimant claims
28 that his testimony under oath that the money was legitimate,

5

which was heard by the prosecutor, an assistant United States Attorney, present at the hearing, constituted notice of his claim via principles of agency. Thus, the administrative forfeiture by default was error.

On the merits of the forfeiture, the claimant asserts that the Court should vacate the administrative forfeiture because the DEA failed to meet its burden of proof that the seizure of the currency in the first instance was proper because drug-related; any claim of drug-relatedness was nullified when the prosecutor sought and obtained dismissal of the indictment alleging drug activity; and the claimant is actually innocent of any drug-related activity. Claimant argues that pursuant to 18 U.S.C. § 983(c)(1) and (3), the burden of proof is on the government to establish by a preponderance of the evidence that the property was used to commit or facilitate the commission of a criminal offense or that there was a substantial connection between the property and the offense. Here, there was only a suspicion; there was no evidence. Further, he claims that he was actually innocent of any drug-related activity pursuant to 18 U.S.C. § 983(d) and (i), which provide that an innocent owner's interest in property shall not be forfeited under any civil forfeiture statute, and that he is innocent because he did not know of the conduct giving rise to the forfeiture.

### 3. No Basis for Subject Matter Jurisdiction

The money seized from the claimant's place of business was forfeited pursuant to 21 U.S.C. § 881; § 881(a)(6) provides that all money furnished or intended to be furnished by any person in exchange for a controlled substance in violation of the

6

subchapter, all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the chapter, shall be subject to forfeiture to the United States, and no property right shall exist in them. Here, the claimant admits that the money was seized after he was arrested with another person in connection with charges of violating 21 U.S.C. §§ 846 and 841.

Title 21 U.S.C. § 881(d) provides:

> <u>The provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws</u>; the disposition of such property or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims <u>shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under any of the provisions of this subchapter, insofar as applicable and not inconsistent with the provisions hereof</u>; except that such duties as are imposed upon the customs officer or any other person with respect to the seizure and forfeiture of property under the customs laws shall be performed with respect to seizures and forfeitures of property under this subchapter by such officers, agents, or other persons as may be authorized or designated for that purpose by the Attorney General, except to the extent that such duties arise from seizures and forfeitures effected by any customs officer. (Emphasis added.)

This provision renders applicable to the claimant's case the procedures for administrative forfeiture set forth in 19 U.S.C. § 1607 through 1608. Section 1607(a) permits published notice of seizure for three successive weeks plus sending written notice of seizure together with information on the applicable procedures to each party who appears to have an interest in the seized article if the seized merchandise is any monetary instrument within the meaning of 31 U.S.C. § 5312(a)(3), which in turn defines a monetary instrument as including United States coins and currency. Section 1608 provides:

7

> Any person claiming such... merchandise...may at any time within twenty days from the date of the first publication of the notice of seizure file with the appropriate customs officer a claim stating his interest therein. Upon the filing of such claim, and the giving of a bond to the United States in the penal sum of $5,000 or 10 percent of the value of the claimed property, whichever is lower, but not less than $250, with sureties to be approved by such customs officer, conditioned that in case of condemnation of the articles so claimed the obligor shall pay all the costs and expenses of the proceedings to obtain such condemnation, such customs officer shall transmit such claim and bond, with a duplicate list and description of the articles seized, to the United States attorney for the district in which seizure was made, who shall proceed to a condemnation of the merchandise or other property in the manner prescribed by law.

Section 1609(a) provides:

> If no such claim is filed or bond given within the twenty days hereinbefore specified, the appropriate customs officer shall declare the vessel, vehicle, aircraft, merchandise, or baggage forfeited, and shall sell the same at public auction in the same manner as merchandise abandoned to the United States is sold or otherwise dispose of the same according to law, and shall deposit the proceeds of sale, after deducting the expenses described in section 1613 of this title, into the Customs Forfeiture Fund.

Section 1609(b) provides that a declaration of forfeiture under § 1609 shall have the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States; title shall be deemed to vest in the United States free and clear of any liens or encumbrances from the date of the act for which the forfeiture was incurred.

The purpose of these procedures for summary or administrative forfeiture is to permit the government to effect a forfeiture with a savings of time and expense in instances where the value of the property is relatively small; a judicial proceeding is instituted only upon the filing of a claim within the requisite period and deposit of the bond. United States v. United States Currency, 754

8

1  F.2d 208, 211-212 (7th Cir. 1985).
2       In this instance, the claimant did not file a claim with the
3  DEA, Department of Justice, or with any agency. The Court is aware
4  of no authority which would equate testimony under oath about the
5  money at a supervised release violation hearing in a criminal
6  proceeding unrelated to the seized goods with the required claim
7  with the DEA under the administrative forfeiture law. Further,
8  there is no indication that the claimant filed the required bond.
9  The claimant does not dispute that he received actual notice of
10 the forfeiture proceeding; he merely claims that on April 9, 2001,
11 he did not know precisely what the document concerning the
12 $7,682.00 concerned. However, he clearly understood that it
13 pertained to the seized money, and he comprehended its
14 significance sufficiently to refer it to his counsel. His counsel
15 said he would take care of it; there is no further information, so
16 it is quite possible that counsel considered the administrative
17 forfeiture proceeding and determined that it was in his client's
18 best interests not to file a claim.
19      Under these circumstances, the Court lacks subject matter
20 jurisdiction to entertain a collateral attack on the forfeiture
21 declaration of proceedings. Sending notice within twenty days
22 before the claim deadline to the custodial institution where a
23 defendant is detained has been held to be sufficient notice of
24 administrative forfeiture of currency allegedly used or acquired
25 in drug-related offenses. United States v. Castro, 78 F.3d 453,
26 456 (9th Cir. 1996). A claim of ownership that does not comply with
27 statutory and regulatory requirements because of failure to submit
28 a claim within twenty days from the first day of publication of

9

the notice of seizure as required by 19 U.S.C. § 1608 and 21 C.F.R. § 1316.76 renders the property abandoned, and the forfeiture action uncontested. Id. Merely asserting that the property belongs to one, without complying with the requirements for filing a claim of ownership, is not legally sufficient to terminate the administrative forfeiture proceeding and mandate a judicial adjudication of the forfeiture. Id. Alleged awareness by the government of a claim at the time currency is forfeited is not sufficient; there is no authority for finding that anything less than a legally sufficient claim and bond, or showing of poverty, precludes the government from determining that the property is abandoned as a matter of law, and the forfeiture uncontested. Id. Further, even assuming some error on the part of counsel, erroneous advice of counsel or reliance thereon does not change the result. Id. at 457. A person does not have a Sixth Amendment right to counsel during a civil forfeiture proceeding under 21 U.S.C. § 881(a)(6). United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). An owner who receives notice must file a claim in order not to have abandoned his right, and the claim to property must be made in the forfeiture proceeding itself, not in the criminal action. United States v. Cretacci, 62 F.3d 307, 310-11 (9th Cir. 1995). This Court lacks jurisdiction to entertain a collateral attack upon the forfeiture proceeding where it appears that there was constitutionally sufficient notice. See Chairez v. United States, 355 F.3d 1099, 1101-02 (7th Cir. 2004), cert. den. 125 S.Ct. 137 (2004) (holding that where actual notice was delivered to the custodial institution where the criminal defendant and potential claimant was located, a district court

lacks subject matter jurisdiction to consider a claim to the property).

#### 4. Failure of Proof

Claimant's complaints that the government failed to meet its burden of proof under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) are unavailing.

Although CAFRA generally applies to forfeiture proceedings commenced after its effective date of August 23, 2000, 8 U.S.C. § 1324 (note), it does not apply to proceedings under Title 19. 18 U.S.C. § 983(i)(2)(A).

More generally, because this Court lacks subject matter jurisdiction over the forfeiture, the claimant's arguments about the merits of the forfeiture proceeding will not be considered.

### B. Equitable Action

The claimant argues that his filing should be treated as a proceeding in equity.

It is true that constitutionally deficient notice of an administrative forfeiture proceeding renders the forfeiture void, and a district court retains equitable jurisdiction to determine the adequacy of notice of the administrative forfeiture. United States v. Marolf, 173 F.3d 1213, 1216 (9th Cir. 1999); see also Marshall Leasing, Inc. v. United States, 893 F.2d 1096 (9th Cir. 1990) (where the court determined that it had equitable jurisdiction over a claimant's due process challenge to the notice given in the forfeiture proceeding and to the government's failure to follow the statute's directive to initiate a judicial forfeiture proceeding where the claimant had intervened in and contested the administrative forfeiture proceeding, claimed actual

11

1  innocence, and sought return of the property); <u>Wiren v. Eide</u>, 542
2  F.2d 757 (9th Cir. 1976) (where the court determined that it had
3  jurisdiction under the Tucker Act and the Administrative Procedure
4  Act to hear a claim challenging the constitutionality of the
5  notice, bond, and burden-of-proof provisions of the federal
6  statutory forfeiture scheme by one who had sought return of the
7  seized property administratively and had filed a claim in
8  accordance with 19 U.S.C. § 1608 but did not post the requisite
9  bond because of indigency).

10      Here, as previously noted, there is no challenge to the
11 constitutionality of the scheme (aside from claimant's belated
12 claim of actual innocence, which could have been asserted in the
13 forfeiture proceeding), and there is no showing that the notice of
14 the administrative forfeiture proceeding was inadequate; claimant
15 admitted having received notice and made no allegations regarding
16 any other aspect of the notice. Further, there is no claim or
17 showing that the claimant's legal remedy was inadequate.

18      This case is not analogous with <u>United States v. Martinson</u>,
19 809 F.3d 1364 (9th Cir. 1987), cited by claimant, which involved an
20 appeal of a motion to reconsider a motion pursuant to Rule 41(e)
21 for return of seized firearms. There the court retained
22 jurisdiction that was based on the motion to return the property
23 that was pending in the criminal case at the time of the
24 administrative forfeiture; the court's concern was not to permit
25 the government to moot a motion for return of the property by
26 destroying the property. <u>Id.</u> at 1368.

27      In summary, it does not appear that the claimant's
28 miscellaneous filing constitutes an action cognizable in this

Court.

IV. <u>Motion for Judgment on the Pleadings</u>

Because a civil action has not been opened, the motion for judgment on the pleadings is premature; should a civil action not be opened, it is moot.

<u>RECOMMENDATION</u>

Accordingly, it IS RECOMMENDED that a civil action not be opened, and the Clerk be ordered to close the miscellaneous file.

This report and recommendation is submitted to the United States District Court Judge assigned to the miscellaneous file, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The claimant is advised that failure to file objections within the specified time may waive any right to appeal the District Court's order that might exist. <u>Cf.</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 17, 2005**              /s/ Sandra M. Snyder
icido3                                              UNITED STATES MAGISTRATE JUDGE